IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| IN RE:  Letter of Request from | § | |
| Court of Szczecin, Poland | § | No. |
| in the Matter of W sprawie Grazyny | § | |
| Grafowskiej-Jurkowskiej | § | |
| v. | § | |
| Slawomira Jurkowskiego | § | |

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER

This memorandum is submitted in support of the application of the United States for an order requiring persons within the jurisdiction of this Court to provide testimony and evidence requested by the Court of Szczecin, Poland (hereinafter the Requesting Authority) for use in a civil proceeding in Poland (hereinafter the Requesting State) and appointing a commissioner to collect it.  The application is based upon the attached letter of request (hereinafter the Request, attached hereto as Government Exhibit 1).  As set forth in the Request, the Requesting Authority has commenced a civil proceeding in the Requesting State.  The Requesting Authority seeks information from Cara Eileen Carter, an individual residing in the Northern District of Texas, concerning her knowledge of the relationship between Czeslas Jurkowski and Slawomir Jurkowski as it relates to the case pending in Poland.

This Court, pursuant to its statutory and inherent authority, may (1) order that persons within this district shall provide the evidence requested for use in a proceeding in

a foreign country, (2) appoint a person to gather such evidence, and (3) establish the

procedure pursuant to which the evidence requested shall be produced.

1. <u>Authority to grant a foreign request for assistance</u>

Title 28, United States Code § 1782, provides in pertinent part that:

The district court of the district in which a person resides or is found may
order him to give his testimony or statement or to produce a document or
other thing for use in a proceeding in a foreign . . . tribunal.  The order may
be made pursuant to a letter rogatory issued, or request made, by a foreign .
. . tribunal or upon the application of any interested person . . . .

Section 1782 was enacted:

. . . to improve United States judicial procedures for . . . obtaining evidence
in the United States in connection with proceedings before foreign and
international tribunals. . . .

S. Rep. No. 88-1580 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3782 (hereinafter 1964

U.S.C.C.A.N.).  By enacting § 1782, Congress reaffirmed the inherent authority of

district courts to grant foreign judicial assistance.  *In re Request for Assistance from*

*Ministry of Legal Affairs of Trinidad and Tobago*, 648 F. Supp. 464 (S.D. Fla. 1986),

*aff'd*, 848 F.2d 1151, 1154 (11th Cir. 1988).  More significantly, its enactment reflected

Congress' desire to increase the power of district courts to respond to foreign requests for

judicial assistance.  *See, e.g.*, *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539

F.2d 1216, 1218-1219 (9th Cir. 1976).  In sum, § 1782 is a Congressional invitation to

district courts to affirmatively act to execute foreign requests for judicial assistance.

a. <u>Source of the foreign request</u>

Foreign requests for judicial assistance may be made by a foreign court or tribunal, including an investigating magistrate or *juge d'instruction*.  *In re Letter of Request from Gov't of France*, 139 F.R.D. 588, 590-591 (S.D.N.Y. 1991); *In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti*, 669 F. Supp. 403, 405-406 (S.D. Fla. 1987).  Foreign requests may also be made by any interested person, such as a foreign legal affairs minister or public prosecutor.  *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1019 (9th Cir. 1994); *In re Letter of Request from Crown Prosecution Serv. of U.K.*, 870 F.2d 686, 690 (D.C. Cir. 1989); *Trinidad and Tobago*, 648 F. Supp. at 466.

> b.  Purpose of the foreign request

 Foreign requests for judicial assistance must be for the purpose of securing evidence for use in a proceeding in a foreign . . . tribunal, including criminal investigations conducted before formal accusations.  28 U.S.C. § 1782.   The twin aims of the statute are to provide an efficient means of assistance to participants in international litigation, and to encourage foreign countries to provide reciprocal assistance to our courts.  *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012).

> c.  Discoverability in the requesting state of the assistance requested

District courts need not determine whether foreign requests for assistance seek materials that are discoverable under the laws of the requesting nations.  As the Supreme Court stated in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260 (2004):

Beyond shielding material safeguarded by an applicable privilege, however, nothing in the text of § 1782 limits a district court's production-order authority to materials that could be discovered in the foreign jurisdiction if the materials were located there. "If Congress had intended to impose such a sweeping restriction on the district court's discretion, at a time when it was enacting liberalizing amendments to the statute, it would have included statutory language to that effect." [Citations omitted.]

In evaluating requests from foreign courts, U.S. courts can rely on each foreign court to be "the arbiter of what is discoverable under its procedural rules." *In re Letter Rogatory from the First Court of First Instance in Civil Matters, Caracas, Venez.*, 42 F.3d 308, 310-311 (5th Cir. 1995). In evaluating requests from sources other than foreign courts, concerns regarding the discoverability of requested material under foreign law are "simply one factor that a district judge may consider" in determining whether to provide assistance. *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1098 (2d Cir. 1995).

d.     Admissibility in the requesting state of the assistance requested

A district court generally should not decide whether the requested evidence will be admissible in the foreign court. *Trinidad and Tobago*, 848 F.2d at 1156; *In re Request for Judicial Assistance from the Seoul Dist. Criminal Court, Seoul, Korea*, 555 F.2d 720, 723 (9th Cir. 1977); *In re Letters of Request from the Supreme Court of Hong Kong*, 821 F.Supp. 204, 211 (S.D.N.Y. 1993); *France*, 139 F.R.D. at 592 ("Absent a showing that a requesting country is manipulating section 1782 in a manner offensive to concepts of fundamental due process and fairness, United States Courts are not to embark upon the task of deciding the propriety of the ultimate uses of evidence gathered under the Section."). Nonetheless, the district court should be alert that the procedures it

establishes for collecting the evidence requested are consistent with its use in a judicial proceeding in the requesting state.  *See In re Letter of Request from Crown Prosecution Serv. of United Kingdom*, 870 F.2d 686, 692-693 (D.C. Cir. 1989).

2.  Authority to appoint a commissioner

Section 1782 further provides in pertinent part that:

The district court . . . may direct that the testimony or statement [of a person who resides or is found within the district] be given, or the document or other thing be produced, before a person appointed by the court.

A district court customarily appoints or "commissions" a person (the "commissioner") to collect evidence on behalf of the district court and authorizes the commissioner to submit the evidence collected to the requesting foreign court or authority.  *See, e.g.*, *Intel*, 542 U.S. at 247-248.  A district court typically appoints an Assistant United States Attorney as commissioner, to obtain evidence in conformity with a foreign request.  However, a district court also may commission a foreign authority together with (or in lieu of) an Assistant United States Attorney.  *See, e.g.*, *In re Letter of Request from the Supreme Court of Hong Kong*, 138 F.R.D. 27, 29 (S.D.N.Y. 1991).  See also *Haiti*, 669 F. Supp. at 408.

Application to a district court for appointment of a commissioner to execute a foreign request for judicial assistance is handled ex parte.  *United Kingdom*, 870 F.2d at 688; *Japan I*, 539 F.2d at 1219.

3.  Authority to establish the evidence-collecting procedure

Section 1782 further provides in pertinent part that:

> To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A district court empowers a commissioner to collect the evidence using the procedure prescribed by the court. A district court has "complete discretion in prescribing the procedure to be followed." *United Kingdom*, 870 F.2d at 693, citing 1964 U.S.C.C.A.N. at 3788, 3789. When a district court's order fails to specify a procedure by which a commissioner is to collect the evidence, the Federal Rules of Civil Procedure apply. *Japan II*, 16 F.3d at 1019; *Hong Kong II*, 138 F.R.D. at 31. However, as Section 1782 makes clear, when a district court does specify a procedure other than one in accordance with the Federal Rules of Civil Procedure, the alternative procedure shall apply. 28 U.S.C. § 1782(a).

      a.    <u>Commissioner's subpoena</u>

If a district court so orders, a commissioner may use the attached form, entitled Commissioner's Subpoena, to obtain the requested evidence. *See In re Commissioner's Subpoenas*, 325 F.3d 1287, 1291 (2d Cir. 1993) (incorporating in pertinent part the district court's order directing use of commissioner's subpoenas); *United States v. Erato*, 2 F.3d 11, 13-14 (2d Cir. 1993) (same). The commissioner's subpoena is a creation of neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil Procedure, but is an order of the district court for the production of evidence in accordance with Section 1782. *See* 28 U.S.C. 1651; *White v. National Football League*, 41 F.3d 402, 409 (8th Cir. 1994) (a court may issue whatever process it deems necessary to facilitate

disposition of the matter before it); FED. R. CRIM. P. 57(b).  Upon authorization by a

district court, a commissioner may issue such commissioner's subpoenas as are necessary

to execute the request, including subpoenas compelling the production of evidence

located outside the district by a person or entity present in the district.

     b.    <u>Notice of evidence taking</u>

 If a district court so orders, a commissioner may collect the evidence in

accordance with procedures -- including those involving notice -- requested by the

requesting court or authority.  In the absence of a specific request to provide notice, a

district court can assume that the requesting court or authority has provided such notice

as the foreign law requires, or that the foreign law does not require notice and the

requesting court or authority does not consider notice to be necessary or useful.  In sum,

if the requesting state has not requested notice, no notice need be provided.  Accordingly,

to the extent that a request does not ask for specific notice procedures, a district court

should authorize a commissioner to take the evidence without notice to any party other

than the recipient of the commissioner's subpoena.  *See Gushlak v. Gushlak*, 486 F.

Appx. 215, 217 (2d Cir. 2012) (Respondent could challenge any discovery request, based

on lack of notice, by moving to quash pursuant to Federal Rule of Civil Procedure

45(c)(3)).

     c.    <u>Right to Financial Privacy Act</u>

    The Right to Financial Privacy Act, 12 U.S.C. 3401 et seq., does not apply to the

execution of foreign legal assistance requests.  *Young v. U.S. Dept. of Justice*, 882 F.2d

633, 639 (2d Cir. 1989); *Haiti*, 669 F. Supp. at 407; *Hong Kong I*, 821 F. Supp. at 211

(S.D.N.Y. 1993).  Consequently, to the extent that execution of a request entails the production of bank or financial records, the notice provisions of the Act do not apply.

4.      The present request

Congress intended that the United States set an example to other nations by making judicial assistance generously available.  *See, e.g.*, *Trinidad and Tobago*, 848 F.2d at 1153-54.  Based upon the facts set forth therein, this Request is of the type that Congress contemplated when it enacted Section 1782 and expanded the authority of federal courts to assist foreign tribunals.  Accordingly, the government asks this Court, in the interests of comity, to issue the attached order under Section 1782 granting assistance for a proceeding in the Requesting State, appointing the undersigned Assistant United States Attorney Lindsey Beran as commissioner, authorizing her to take the actions necessary, including the issuance of commissioner's subpoenas, to collect the evidence requested and to adopt such procedures in the receipt of the evidence as are consistent with the intended use thereof in the Requesting State.

Respectfully submitted,

JOHN R. PARKER
UNITED STATES ATTORNEY

/s/ Lindsey Beran
Lindsey Beran
Assistant United States Attorney
Texas State Bar No. 24051767
1100 Commerce Street, Third Floor
Dallas, Texas 75242 1699
Telephone: 214.659.8600
Facsimile: 214. 659.8807
Email: Lindsey.Beran@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| IN RE:  Letter of Request from | § | |
| Court of Szczecin, Poland | § | No. |
| in the Matter of W sprawie Grazyny | § | |
| Grafowskiej-Jurkowskiej | § | |
| v. | § | |
| Slawomira Jurkowskiego | § | |

## ORDER

Upon application of Assistant United States Attorney Lindsey Beran made on behalf of the Court of Szczecin, Poland, who is seeking evidence for use in a judicial proceeding in Poland, and the Court having read and considered the letter of request of February 4, 2015, and it appearing that the requirements of 28 U.S.C. § 1782 have been satisfied,

IT IS HEREBY ORDERED, pursuant to the authority conferred by 28 U.S.C. § 1782 and this Court's inherent authority, that Lindsey Beran is appointed as Commissioner of this Court and hereby directed to take such steps as are necessary to collect the evidence requested.  In doing so, the Commissioner is not required to follow the Federal Rules of Civil Procedure and the following rules shall govern:

1.      the Commissioner may issue commissioner's subpoenas to be served on persons (natural and artificial) within the jurisdiction of this Court ordering them or their

representatives to appear and to testify and produce evidence located within the United States;

2.      the Commissioner shall provide notice with respect to the collection of evidence to those persons identified in the request as parties to whom notice should be given (and no notice to any other person shall be required);

3.      the Commissioner shall adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a tribunal in Poland, which procedures may be specified in the request or provided by the requesting court or authority or by a representative of Poland;

4.      in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner;

5.      any person from whom the Commissioner seeks to collect evidence may oppose the giving of evidence, or the circumstances thereof, by motion timely filed with this Court, a copy of which shall be provided contemporaneously to the Commissioner;

6.      the Commissioner may seek such further orders of this Court as may be necessary to execute this request, including:

  a.      orders to show cause why persons served with commissioner's subpoenas who fail to produce evidence should not be held in contempt, and

  b.      protective orders to regulate the use of the evidence collected;

 7.      the Commissioner shall certify and submit the evidence collected to the Office of International Judicial Assistance, Civil Division, United States Department of Justice, or

as otherwise directed by that office for transmission to the requesting court or authority;

and

8.      the Commissioner may provide copies of the evidence collected to persons

identified in the request as parties to whom such copies should be given (and to no other

persons).

        IT IS FURTHER ORDERED that the Commissioner may disclose copies of this

Order as necessary to accomplish the purposes of the request.

SIGNED this _____ day of _____, 2015.


_____
[Judge]
UNITED STATES DISTRICT JUDGE



JEDavidson:aeb:lgh

**U.S. Department of Justice**
Civil Division
Office of International Judicial Assistance

_U.S. Central Authority_
_Benjamin Franklin Station_
_P.O. Box 14360_
_Washington, DC  20004_
_OIJA@usdoj.gov_
_+1 (202) 514-6700_

February 4, 2015

Steve Fahey, Civil Chief
United States Attorney's Office
Northern District of Texas
1100 Commerce Street, Third Floor
Dallas, Texas 75242

Re: Request for International Judicial Assistance from the Court of Szczecin, Poland in
the Matter of W sprawie Grazyny Grafowskiej-Jukowskiej v. Slawomira
Jurkowskiego, Case No. II Ns 363/13 Oz 138/14
Our Reference No.: 189-43-15-25

Dear Mr. Fahey:

The Office of International Judicial Assistance, within the Civil Division, serves as the
U.S. Central Authority for the Hague Convention on the Taking of Evidence Abroad in Civil or
Commercial Matters (Hague Evidence Convention).  28 C.F.R. § 0.49.  Pursuant to that
Convention, we have received the above-captioned Letter of Request seeking evidence in a civil
matter pending in Poland.  We are referring this Request to you for handling.  Within thirty days,
please provide us with contact information for the individual assigned to handle this matter.

In its Request, the Polish Court has requested we obtain evidence in the form of a written
statement from Cara Eileen Carter, a witness currently located in Plano, TX.

General instructions for the execution of Letters of Request and frequently asked
questions can be found at our website, http://dojnet.doj.gov/civil/ofl/index.html.  We urge you to
review this material before executing this referral.  Should you have additional questions, do not
hesitate to contact this office.  Before issuing a subpoena to compel testimony, we encourage you
to contact the witness, advise her of the nature of the request, and ascertain whether she will
agree to furnish these responses informally.  In the absence of voluntary compliance, the
evidence can be compelled by your office pursuant to 28 U.S.C. § 1782.

Article 9 of the Hague Evidence Convention requires that requests for evidence be
executed "expeditiously."  Accordingly, we urge that your office handle this matter as quickly as
possible.  Given the increasing number of evidence requests that United States litigants send
abroad pursuant to the Hague Evidence Convention, often with short discovery deadlines,
expeditious handling of evidence requests by the United States may, as a matter of reciprocity,

**EXHIBIT 1**

encourage similar treatment by foreign authorities.  We anticipate this Request can be completed within ninety days.  If additional time is needed to complete the Request, please provide us a status report by the ninetieth day and every sixty days thereafter.

After you have executed this Request, please return all documents sent with the Request to us so that we may return them to the foreign court.  We would also appreciate receiving copies of any pleadings or motions that have been filed by your office in this case.

If you have any questions, please contact us at OFL.OIJA@usdoj.gov.

Thank you in advance for your cooperation and assistance in this matter.

Very truly yours,

JEANNE DAVIDSON
Director

By:

ADA E. BOSQUE
Senior Litigation Attorney

Enclosures

REQUEST / DEMANDE / WNIOSEK

FOR OBTAINING EVIDENCE OR PREFORMING SOME OTHER JUDICIAL ACT
**par commission rogatoire, d'accompilr des actes d'instruction ou d'autres actes judiciaries**
o przeprowadzenie dowodu lub wykonanie innych czynności sądowych

COURT
**Tribunal ( l'autoritérente)**
Sąd Rejonowy Szczecin Prawobrzeżne i Zachód w Szczecinie
II Wydział Cywilny  ul. Plac Żołnierza  16

THE REPUBLIC OF POLAND
**République de Pologne**
Rzeczpospolita Polska

REFERENCE NUMBER OF THE CASE
( REPLYING, PLEASE GIVE THE REFERENCE NUMBER)
**Numéro de reference du dossier**
( á mentionner dans la réponse)
Sygnatura sprawy:
(sygnaturę proszę podać przy odpowiedzi)
        II Ns 363/13 Oz 138/14

TO
(THE DESCRIPTION OF THE REQUESTED AUTHORITY)
**A**
**(designation de l'utorité equise)**
Do: U.S. Department of Justice
 Civil Division
Office of International Judicial Assistance
Benjamin Franklin Station
P.O. Box 14360
Washington, D.C. 20004
United States of Amrica
(nazwa organu wezwanego)

PLAINTIFF/PETITIONER
(FIRST NAME, LAST NAME, ADDRESS OR THE   PLACE OF RESIDENCE OF ENTITY)
**Demendeur:**
**(prenom, nom, domicile, nom et siége pour personne morale)**
W sprawie Grażyny Grafowskiej - Jurkowskiej
ul. Korfantego 2
71-313 Szczecin
(imię, nazwisko, adres lub nazwa i siedziba osoby prawnej)

REPRESENTED BY
(FIRST NAME, LAST NAME, ADDRESS OF THE LEGAL REPRESENTATIVE)
**représenté(e) par**

JAN 2 9 2015

189-43-15(25)

reprezentowanemu prze.   adw.Elżbieta Zaniemojska – Krze   owska70-810 Szczecin
ul.Weteranów 2/7
( imię, nazwisko, adres pełnomocnika)

VERSUS:
(FIRST NAME, LAST NAME, ADDRESS OR THE   PLACE OF RESIDENCE OF
ENTITY)
**Contre: défendeur**
**( prenom, nom, domicile, nom et siége pour personne morale)**
przeciwko/z udziałem:
Sławomira Jurkowskiego
8513 Orchard Hill Dr Plano, Tx 75025
( imię, nazwisko, adres lub nazwa i siedziba osoby prawnej)

REPRESENTED BY
( FIRST NAME, LAST NAME, ADDRESS OF THE LEGAL REPRESENTATIVE)
**représenté(e) par**
reprezentowanemu przez:
Marta Świgroń
ul.Mickiewicza 128/7
71-140 Szczecin

( imię, nazwisko, adres pełnomocnika)

KIND AND THE SUBJECT OF THE PROCEEDINGS:
**la nature et l'objet du litige:**
rodzaj i przedmiot postępowania: stwierdzenie nabycia spadku

PURUANT TO THE ARTICLE 1 OF THE CONVENTION OF ARCH 18TH, 1970 ON THE
TALKING OF EVIDENCE ABROAD IN A CIVIL OR COMMERCIAL MATTERS
COURT KINDLY REQESTS FOR:
**Le tribunal susmentionné demande par commission rogatoire ( Convention sur**
**l'obtention des preuves á l'étranger en matlére clivlie ou commerciale, du 18 mars 1970,**
**article 1):**
zgodnie z art. 1 Konwencji z dnia 18 marca 1970 o przeprowadzenie dowodów za granicą w
sprawach cywilnych i handlowych uprzejmie prosi o:
1). HEARING THE WINESS/PARTY
    (FIRST NAME, LAST NAME, ADDRESS)
    **d'entendre le témoin/ la partie**
    **( prenom, nom, domicyle)**
    przesłuchanie świadka:
    Cara Eileen Carter
    8513 Orchard Hill Dr
    Plano, Tx 75025

    ( imię, nazwisko, adres)

THE LIST OF THE QUESTIONS ATTACHED
**Questionnaire de dommission rogatoire ci-joint.**
Lista pytań w załączeniu

THE COURT KINDLY ·   QUESTS FOR HEARING PARTY:

**Le Tribunal demande á ce que les depositions du témoin / de la partie:**

Sąd uprzejmie prosi, aby zeznanie świadka/ strony:

AFTER INFORMING HIM CRIMINAL LABILITY FOR FALSE OR MISLEADING STATEMENTS.

**ayant été rendu(e) attentive ( attentive) aux sanctions pénaites encourues pour faux témoignage.**

po uprzedzeniu pouczeniu o odpowiedzialności karnej za złożenie fałszywych zeznań:

THAT SHOULD BE RECORDED AND SIGNED BY THE PERSON IN QUESTION.

**soient consignees dans le process-verbal et signée par la personne entendue.**

zostały zaprotokołowane i własnoręcznie przez osobę przesłuchaną podpisane.


2) PERROMING SOME OTHER JUDICAL ACTS:

   **de procéder á d'utres judicialres:**

   o dokonanie innych czynności sądowych:

..........................................................................................................
..........................................................................................................
..........................................................................................................


THE MENTIONED BELOW PERSON(S) SHOULD BE INFORMED ON THE DATE AND PLACE OF PERFORMING THE EVIDENCE:

**La date et lieu de l'exécution de commission rogatoire doivent étre communiqués á:**

o terminie i miejscu przeprowadzenia czynności dowodowej należy zawiadomić:

adw.Elżbieta Zaniemojska – Krześniowska, 70-810 Szczecin ul.Weteranów 2/7

adw.Marta Świrgoń, 71-140 Szczecin ul. Mickiewicza 128/7


THE CORT KINDLY AKS FOR PROVIDING THE RECCORDS OR ANY OTHER DOCUMENTS WHICH WERE DONE IN THE CASE TO THE REQUESTING AUTHORITY AFTER EXECUTION OF THE REQUEST.

**Ayant execute la commission rogatorité l'autorité requise est priée de remettre á l'autorité requérente le procésverbal ou tout autre document dreesé au cours de l'instruction de la mesure soillcitée.**

Po wykonaniu wniosku Sąd uprzejmie prosi o przesłanie protokołu bądź innych dokumentów sporządzonych w sprawie do organu wzywającego.




SEAL OF THE COURT/ **Sceau du Tribunal**/ Pieczęć Sądu


SIGNATURE OF JUDGE / **Signature du Juge** / Podpis Sędziego

Sędzia Sądu Rejonowego
Margdalena Pasieka - Paczek

PRZEWODNICZĄCA
II Wydziału Cywilnego
Sądu Rejonowego Szczecin
Prawobrzeże i Zachód w Szczecinie
Margdalena Pasieka-Paczek


DONNE AT/ THE
**Fait á/le**
Sporządzono w  Szczecinie dnia  18.12. 2014r.

III. List of questions to the witness – Cara Eileen Carter (2213 Campbellcroft Dr, Lewisville, TX 75077, USA) –/–

1) What do you know about the relationship of Czesław Jurkowski with Sławomir Jurkowski until 2012? –/–

2) Do you know how childhood and teenage life of Sławomir Jurkowski proceeded in the U.S.? Did he lead a peaceful, comfortable life? –/–

3) What did Sławomir Jurkowski tell you about his father's family in Poland? –/–

4) Do you know why Sławomir Jurkowski had no contact with his father until 2012? –/–

5) Do you know how the contact of Sławomir Jurkowski with Czesław Jurkowski became renewed and on whose initiative? –/–

6) Why did Sławomir Jurkowski go to Poland in September 2012? –/–

7) Had Sławomir Jurkowski previously been in Poland? –/–

8) How did Czesław Jurkowski refer to you and your son–his grandson?

9) What did Sławomir Jurkowski tell you about his stay in Poland in September 2012? –/–

10) Did you maintain constant relations with Czesław Jurkowski after Sławomir Jurkowski's return from Poland? What was the nature of these relationships?

8

11) Do you think that Czesław Jurkowski had any grievances to Sławomir Jurkowski after his stay in Poland in September 2012? -/-

The date of the hearing shall be notified to: -/-

- attorney of the claimant: attorney Elżbieta Zaniemojska-Krześniowska, Kancelaria Adwokacka, ul. Weteranów 2/7, 70-810 Szczecin, -/-

- participant's attorney: attorney Marta Świrgoń, Kancelaria Adwokacka, ul. Mickiewicza 128/7, 71-140 Szczecin". -/-

[Round seal with Polish national emblem and an inscription in the rim] -/-

DISTRICT COURT SZCZECIN-PRAWOBRZEŻE I ZACHÓD IN SZCZECIN *2* -/-

[Oblong seal with an inscription] -/-

Justice of District Court -/-

Anna Dulska -/-

[illegible signature] -/-

---

End of translation

This is to certify that this is a genuine translation of the document in Polish.

Monika Czyż — Sworn translator in English

Repertory number 110/2014

Szczecin, May 16, 2014

III. Lista pytań do świadka - Cara Eileen Carter (2213 Campbellcroft Dr, Lewisville, TX 75077, USA)

IV.

1) Co Pani wiadomo na temat relacji Czesława Jurkowskiego ze Sławomirem Jurkowskim do 2012 r.?

2) Czy wie Pani jak przebiegało dzieciństwo i nastoletnie życie Sławomira Jurkowskiego w USA? Czy miał spokojnie dostanie życie?

3) Co opowiadał Pani Sławomir Jurkowski na temat rodziny ojca w Polsce?

4) Czy wie Pani dlaczego Sławomir Jurkowski nie miał kontaktu ze swoim ojcem do 2012?

5) Czy wie Pani jak doszło do odnowienia kontaktu Sławomira Jurkowskiego z Czesławem Jurkowskim i z czyjej inicjatywy?

6) Po co Sławomir Jurkowski pojechał do Polski we wrześniu 2012 r ?

7) Czy wcześniej Sławomir Jurkowski był w Polsce?

8) Jak odnosił się Czesław Jurkowski do Pani i Pani syna- jego wnuczka?

9) Co opowiadał Pani Sławomir Jurkowski o swoim pobycie w Polsce we wrześniu 2012 roku?

10) Czy utrzymywali Państwo stałe relacje z Czesławem Jurkowskim po powrocie Sławomira Jurkowskiego z Polski? Jaki charakter miały te relacje?

11)   11 Czy uważa Pani, że Czesław Jurkowski miał jakiekolwiek pretensje do Sławomira Jurkowskiego po jego pobycie w Polsce we wrześniu 2012 r. ?



PRZEWODNICZĄCA
II Wydziału Cywilnego
Sądu Rejonowego Szczecin
Prawobrzeże i Zachód w Szczecinie
Magdalena Pasieka-Parzek

## <u>COMMISSIONER'S SUBPOENA</u>

TO:   Cara Eileen Carter
       8513 Orchard Hill Drive
       Plano, TX   75025

     I, Commissioner Lindsey Beran, an Assistant United States Attorney for the

Northern District of Texas, acting pursuant to an Order of the Honorable _____,

United States District Judge, dated _____, 2015 (attached hereto), issued under

authority of 28 U.S.C. § 1782, for the purpose of rendering assistance to the Court of

Szczecin, Poland in the Matter W sprawie Grazyny Grafowskiej-Jukowskiej v.

Slawomira Jurkowskiego, command that you appear before me at the United States

Attorney's Office located at 1100 Commerce Street, Third Floor, Dallas, Texas 75242, on

_____, **2015 at 10:00 a.m.**, to provide testimony regarding your

knowledge of the relationship between Czeslaw Jurkowski and Slawomir Jorkowski, to be

used as evidence in the civil proceeding pending in Poland; and that at the place and time

aforesaid you <u>provide testimony as to the following questions</u>:

1. What do you know about the relationship of Czeslaw Jurkowski with Slawomir Jurkowski until 2012?

2. Do you know how childhood and teenage life of Slawomir Jurkowski proceeded in the U.S.?   Did he lead a peaceful, comfortable life?

3. What did Slawomir Jurkowski tell you about his father's family in Poland?

4. Do you know why Slawomir Jurkowski had no contact with his father until 2012?

5. Do you know how the contact of Slawomir Jurkowski with Czeslaw Jurkowski became renewed and on whose initiative?

6. Why did Slawomir Jurkowski go to Poland in September 2012?

7. Had Slawomir Jurkowski previously been in Poland?

COMMISSIONER'S SUBPOENA FORM

8.  How did Czeslaw Jurkowski refer to you and your son-his grandson?

9.  What did Slawomir Jurkowski tell you about his stay in Poland in September 2012?

10. Did you maintain constant relations with Czeslaw Jurkowski after Slawomir Jurkowski's return from Poland? What was the nature of these relationships?

11. Do you think that Czeslaw Jurkowski had any grievances to Slawomir Jurkowski after his stay in Poland in September 2012?

Pursuant to the Order dated _____, 2015, no notice of this subpoena is to be given to W sprawie Grazyny Grafowskiej-Jukowskiej, Slawomira Jurkowskiego, or any other party affected by this subpoena.

For failure to attend and provide testimony, or for disclosure of the existence of the subpoena, you may be deemed guilty of contempt and liable to penalties under the law.

Dated: _____, 2015


_____
LINDSEY BERAN
Commissioner
Assistant United States Attorney
Northern District of Texas
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Tel:   214.659.8646
Fax:   214.659.8807

## PROOF OF SERVICE

This subpoena for **Cara Eileen Carter** was received by me on _____.

☐   I served the subpoena by delivering a copy to the named person as follows:

_____
_____
_____ ; or

☐   I returned the subpoena unexecuted because:

_____
_____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                   *Server's signature*


                                                   _____
                                                   *Printed name and title*


                                                   _____
                                                   *Server's address*